UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>RODGERICK GARRETT, *et al.* | Crim. No. 19-350<br><br>OPINION |

## WILLIAM J. MARTINI, U.S.D.J.:

This matter arises out of a criminal complaint filed against Defendants Rodgerick Garrett, Anthony Beckwith, and Donta McMillan ("Defendants") for drug-related offenses. The matter comes before the Court on McMillan's motion to suppress and compel discovery. ECF No. 44. The motion is decided without oral argument. *See* L. Crim. R. 1.1 (incorporating L. Civ. R. 78.1).[1] For the reasons set forth below, McMillan's motion is **DENIED**.

### I.    BACKGROUND

Defendants are charged with (1) conspiracy to distribute and possess with intent to distribute a fentanyl analogue; (2) possession with intent to distribute a fentanyl analogue; (3) possession with intent to distribute heroin (Garrett and Beckwith only); and (4) maintaining a drug-involved premises (Garrett only). ECF No. 16. The charges stem from Defendants' alleged conduct on August 15, 2018. According to the Complaint, while law enforcement officers surveilled the Lafayette Court Housing Complex in Jersey City, New Jersey, they witnessed McMillan exit the passenger side of a black Infinity vehicle ("Infinity"). Amendola Report, ECF No. 1. McMillan then entered Garrett's residence in the housing complex. *Id.* One minute later, McMillan allegedly left the residence holding a bulky object that appeared consistent with narcotics packaging. *Id.* According to the Government, McMillan placed the object in the car's trunk, entered the passenger side, and was driven away. *Id.* Thereafter, other officers stopped the Infinity, obtained consent to search it, and located the package. *Id.* Lab tests allegedly confirmed the package contained fentanyl. *Id.*

In October 2019, McMillan filed the present motion to suppress and compel discovery. ECF No. 44. On March 2, 2020, the Court held oral argument on motions filed by all three Defendants. McMillin was unable to attend. ECF No. 54. After oral argument, the Court ruled on Beckwith and Garrett's motions, largely denying relief. ECF No. 56. The Court reserved

---

[1] While McMillan requested oral argument, the Court need-not grant the request. *See id.*; *see also United States v. Scott*, 18-cr-547, 2019 WL 3358699, at *1 (D.N.J. July 25, 2019); *United States v. Horvath*, No. 15-cr-0400, 2017 WL 4074282, at *1 (D.N.J. Sept. 13, 2017).

1

decision on McMillan's motion due to his inability to attend the argument. *Id.* A second argument was scheduled for March 12, 2020, ECF No. 55, then cancelled due to COVID-19.

## II.     DISCUSSION

### A.     Motion to Suppress

McMillan moves to suppress the evidence recovered from the Infinity because the vehicle stop "was not supported by a reasonable articulable suspicion." McMillan Br. at 3.[2] The Government responds that surveilling officers observed McMillan enter the residence and leave less than a minute later with an object consistent with narcotics packaging. Opp. at 7; *see also* Amendola Report at 2-3. Further, the residence was in an area known for narcotics and gang activities, and the surveilling officers recognized McMillan as a gang member. Opp. at 7. According to a report attached to the criminal complaint, the surveilling "officers relayed their observations to other law enforcement officers in the area, who were able to locate the [Infinity] and conduct a motor vehicle stop." Amendola Report at 3. McMillan did not contest these allegations, nor file any reply brief.

The decision of whether to hold a suppression hearing is within the Court's discretion. *United States v. Hines*, 628 F.3d 101, 105 (3d Cir. 2010) (overruled in other respects). "To be entitled to an evidentiary hearing, the defendant's moving papers must be sufficiently specific, non-conjectural, and detailed to enable the court to conclude that (1) the defendant has presented a colorable constitutional claim, and (2) there are disputed issues of material fact that will affect the outcome of the motion." *Id.* To have a colorable constitutional claim in this context, the officers who stopped the Infinity must have lacked "a reasonable, articulable suspicion that criminal activity is afoot." *Illinois v. Wardlow*, 528 U.S. 119 (2000) (citation omitted).

Here, McMillan does not submit an affidavit or any other evidence in support of his motion. Instead, his Counsel simply represents that "the police officers had no information about defendant or the driver that supported a reasonable suspicion that either was involved in any criminal activity whatsoever." Mot. at 4. That is the type of conjectural claim that does not require an evidentiary hearing. *See Hines*, 628 F.3d at 105.

McMillan's counsel also represents, on her client's behalf, that he "denies that he placed any drugs inside of the car trunk in which he was a passenger on the day of the incident, or that he even had any drugs in his possession at all." Mot. at 4. Those representations—made by counsel and not by McMillan through a sworn statement—do not put *material* facts at issue. *See Hines*, 628 F.3d at 105. The question before the Court is whether the officers had reasonable suspicion to stop the Infiniti. The answer depends on what the officers observed or learned from their colleagues *before* the stop, not whether their suspicions proved correct. *See United States v. Vercher*, 358 F.3d 1257, 1261 (10th Cir. 2004) ("[R]easonable suspicion may be supported by an objectively reasonable good faith belief even if premised on factual error."). McMillan does not dispute that he visited Garrett's home (located in a high-crime area) and emerged with a suspicious-looking package after a very brief visit. *See* Amendola Report at 2-3. He only disputes that he placed drugs in the car. Based on the unchallenged facts, the officers had

---

[2] McMillan does not contest that once the vehicle was stopped, the driver consented to the search.

reasonable suspicion to stop the Infinity. *See United States v. Arvizu*, 534 U.S. 266, 273 (2002) (permitting officers to "draw on their own experience and specialized training to make inferences from and deductions about the cumulative information available to them"); *Illinois*, 528 U.S. at 124 (finding officers need not ignore relevant characteristics of location); *United States v. Cortez*, 449 U.S. 411, 417 (1981) ("the totality of the circumstances—the whole picture—must be taken into account"). Accordingly, the motion to suppress is **DENIED** without a hearing.

### B.   Joining Other Motions

McMillan "joins in co-defendant Beckwith's motion to compel discovery of the items listed in Attachment B of the complaint" and "all motions filed by co-defendants." Mot. at 5-6. McMillan provides no substantive analysis. Accordingly, the motion is **DENIED** except as set forth in the Court's March 3, 2020 Order. ECF No. 56.[3]

### III.   CONCLUSION

For the reasons set forth above, Defendant Donta McMillan's motion, ECF No. 44, is **DENIED** except as to the discovery provided by the Court's prior order. ECF No. 56. An appropriate Order follows.

Date: June 30, 2020

WILLIAM J. MARTINI, U.S.D.J.

---

[3] The Court is mindful that some of the deadlines set forth in the order are no longer applicable due to the outbreak of COVID-19. The Court expects the Parties to amicably work together to resolve any disputes regarding the order before reaching out to the Court for assistance.