UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>RODGERICK GARRETT, *et al.* | Crim. No. 19-350<br><br>OPINION |

**WILLIAM J. MARTINI, U.S.D.J.:**

This matter arises out of a criminal complaint filed against Defendants Rodgerick Garrett, Anthony Beckwith, and Donta McMillan ("Defendants") for drug-related offenses. The matter comes before the Court on McMillan's motion for reconsideration. ECF No. 79. The motion is decided without oral argument. *See* L. Crim. R. 1.1 (incorporating L. Civ. R. 78.1). For the reasons set forth below, McMillan's motion is **DENIED**.

I.     BACKGROUND

The facts and procedural history of this matter were set forth in the Court's June 30, 2020 Opinion, ECF No. 76 ("June Opinion"), familiarity with which is assumed. McMillan moves for reconsideration of the June Opinion because (1) he was denied oral argument and (2) an evidentiary hearing is necessary to determine whether evidence should be suppressed.

II.     DISCUSSION

"The Court will reconsider a prior order only where a different outcome is justified by: (1) intervening change in law; (2) availability of new evidence not previously available; or a (3) need to correct a clear error of law or manifest injustice. *United States v. Davis*, 05-cr-382, 2012 WL 1950217, at *1 (D.N.J. May 30, 2012), *aff'd*, 514 F. App'x 97 (3d Cir. 2013) (cleaned up and citations omitted).

As to the lack of oral argument, McMillan fails to present any change in law, availability of new evidence, clear error of law, or manifest injustice. *See id.* To the contrary, the local rules are clear that oral argument is not required, and McMillan does not present any contrary rule or precedent.

McMillan similarly fails to provide a sufficient basis for the Court to reconsider its decision not to hold an evidentiary hearing. The decision is within the Court's discretion. *United States v. Hines*, 628 F.3d 101, 105 (3d Cir. 2010) (overruled in other respects). "To be entitled to an evidentiary hearing, the defendant's moving papers must be sufficiently specific, non-conjectural, and detailed to enable the court to conclude that (1) the defendant has presented a colorable constitutional claim, and (2) there are disputed issues of material fact that will affect the outcome of the motion." *Id.*

McMillan's original submissions raised "the type of conjectural claim that does not require an evidentiary hearing." June Opinion at 2. While McMillan's Counsel ("Counsel") denied that McMillan placed drugs in the car, Counsel did not submit any evidence, nor did she raise an issue of material fact. Instead, the undisputed facts justified the vehicle stop, including: (1) McMillan's brief visit to Garrett's home, located in a high-crime area, and (2) that he "emerged with a suspicious-looking package after a very brief visit." *Id.*

Now, Counsel attempts to supplement the original submissions by arguing McMillan did not emerge from the residence with the suspicious-looking package. Mot. at 12. However, the time to submit supplemental materials has passed. *See* Amend. Sched. Ord., ECF No. 40 (requiring reply briefs by November 15, 2019). Counsel does not submit any newly available evidence justifying a hearing; there has been no intervening change in law; and Counsel fails to identify a clear error of law or manifest injustice. *See Davis*, 2012 WL 1950217, at *1 (listing limited reasons to grant motion for reconsideration).

### III.  CONCLUSION

In the June Opinion, the Court denied McMillan's request for a hearing because Counsel's representations did not justify holding one. The present submissions do not support reconsideration of that decision. Accordingly, McMillan's motion is **DENIED**.[1] An appropriate Order follows.

Date: August 25, 2020

WILLIAM J. MARTINI, U.S.D.J.

---

[1] To the extent McMillan seeks additional discovery in his reply brief, Counsel should attempt to resolve pending discovery disputes directly with the Government. If the Parties cannot reach an agreement, McMillan may move for relief from the Court in a separate motion.

2